IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AERITAS, LLC,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      Civ. No. 11-967-SLR
                                       )
ALASKA AIR GROUP, INC.,                )
                                       )
            Defendant.                 )

---

Richard D. Kirk, Esquire, and Stephen B. Brauerman, Esquire, of Bayard, P.A., Wilmington, Delaware.  Counsel for Plaintiff.  Of Counsel: Marc A. Fenster, Esquire, Andrew D. Weiss, Esquire, and Branden D. Frankel, Esquire, of Russ, August & Kabat.

Jeffrey L. Moyer, Esquire, Kelly E. Farnan, Esquire, Jason J. Rawnsley, Esquire, and Jaclyn C. Levy, Esquire, of Richards, Layton & Finger, P.A., Wilmington, Delaware. Counsel for Defendant.

---

**MEMORANDUM OPINION**

Dated:  September 28, 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Aeritas, LLC ("Aeritas") filed a complaint on October 13, 2011, alleging infringement of U.S. Patent Nos. 7,933,589 ("the '589 patent") and 7,209,903 ("the '903 patent") by Alaska Air Group, Inc. ("AAG"). (D.I. 1) On December 9, 2011, in lieu of an answer, AAG moved to dismiss the complaint. (D.I. 8) In response, Aeritas filed a first amended complaint, mooting AAG's motion. (D.I. 10)  AAG moved to dismiss the first amended complaint on January 20, 2012. (D.I. 13) For the reasons that follow, the court grants in part and denies in part AAG's motion.

## II. BACKGROUND

In its original complaint, Aeritas alleged that AAG is "directly and/or jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement" of the patents-in-suit. (D.I. 1 at ¶¶ 7, 12)  Aside from the foregoing generic allegation, joint infringement was not separately described. Aeritas also pleaded that, "[t]o the extent that facts learned in discovery show that [AAG's] infringement of the [patents-in-suit] was willful, Aeritas reserves the right to request such a finding at [the] time of trial." (*Id.* at ¶¶ 8, 13)

Three months later, Aeritas amended the complaint. The amended complaint asserts that AAG has "knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the [patents-in-suit] by offering its products to its customers," i.e., "by offering to its customers use of its mobile software, which constitutes a material part of the invention and is not a staple article or commodity of commerce suitable for substantial noninfringing use." (D.I. 10 at ¶¶ 7, 13)

Aeritas limits its allegations of indirect infringement to the period following service of the

complaint. (*Id.*)

The same is averred with respect to AAG's claim of induced infringement, which

is alleged to be occurring "with specific intent that its software be used by [its]

customers to infringe the [patents-in-suit]." (*Id.*)  Aeritas has added claims of joint

infringement which state that,

> [t]o the extent that [AAG] is jointly infringing one or more of the claims of the
> [patents-in-suit] with one or more third parties, [AAG] exercises control or
> direction over the infringement such that it is the mastermind of the
> infringement. On information and belief, [AAG's] mastermind relationship is
> derived from a contractual relationship with the one or more third parties to
> provide the infringing services and/or system at the control or direction of
> [AAG].

(*Id.* at ¶¶ 8, 14)  Finally, Aeritas alleges that AAG's "acts of infringement have been

willful under 35 U.S.C. § 284 since at least the date it was served with the complaint in

this action." (*Id.* at ¶¶ 9, 15)  No additional specifics with respect to willfulness are

provided.

## III. STANDARD

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the

court must accept all factual allegations in a complaint as true and take them in the light

most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher

v. Harbury*, 536 U.S. 403, 406 (2002).  A court may consider the pleadings, public

record, orders, exhibits attached to the complaint, and documents incorporated into the

complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d

2

Cir. 1994). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed.R.Civ.P. 8(a)) (internal quotation marks omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Indirect Infringement

#### 1. Standards

The Federal Circuit has held that "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement." *In re Bill of Lading,* 681 F.3d 1323, 1336 (Fed. Cir. 2012). In that same case, the Court concluded that plaintiffs alleging indirect infringement need not name a specific customer "to adequately plead the predicate direct infringement," so long as

3

plaintiffs have pled "facts sufficient to allow an inference that at least one direct infringer exists." *Id.* With respect to the remaining prongs of indirect infringement claims, the Federal Circuit has indicated that plaintiffs must provide "sufficient detail to satisfy the specificity requirement of *Twombly* and *Iqbal.*" *Id.* at 1337. Therefore, the court must undertake the "context-specific task" of determining whether Aeritas's amended complaint states a "plausible" claim for relief. *Id.*

With respect to allegations of induced infringement under 35 U.S.C. § 271(b), a plausible claim for relief must include facts sufficient to allow an inference that the alleged infringer has "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011). Therefore, to survive a motion to dismiss, a patentee must plead facts "plausibly showing that [the alleged infringer] specifically intended [its] customers to infringe the [patent-in-suit] and knew that the customer's acts constituted infringement." *In re Bill of Lading,* 681 F.3d at 1339. In its decision in *Walker Digital, LLC v. Facebook, Inc.,* Civ. No. 11-313, 2012 WL 1129370 (D. Del. April 4, 2012), this court concluded that plaintiff's pleadings passed muster under Rule 8 of the Federal Rules of Civil Procedure by identifying the patent-at-issue and the allegedly infringing conduct, as well as the notice afforded by service of the original complaint and the apparent decision to continue the inducement post-service.

In the context of a claim of contributory infringement under 35 U.S.C. § 271(c), a patentee "must, among other things, plead facts that allow an inference that the components sold or offered for sale [by the alleged infringer] have no substantial non-

4

infringing uses," that is, uses that are "'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *In re Bill of Lading*, 681 F.3d at 1337 (internal citation omitted). In *Walker Digital*, this court concluded that the patentee sufficiently pled its allegations of contributory infringement when it asserted that defendant: "(1) had knowledge of the patent; (2) sold products especially made for infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial non-infringing use; and (5) directly infringed." 2012 WL 1129370 at *6.

### 2. Discussion

In this case, Aeritas has alleged in its amended complaint that, "after being served with the complaint in this action, [AAG] has induced infringement, and continues to induce infringement, of one or more claims of the [patents-in-suit], with specific intent that its software be used by [AAG's] customers to infringe the [patents-in-suit]." (D.I. 10 at ¶¶ 7, 13) With respect to contributory infringement, Aeritas has alleged that "[s]ince at least after being served with the [c]omplaint in this action, [AAG] has knowingly contributed to the infringement, and continues to contribute to the infringement of one or more claims of the [patents-in-suit] by offering its products to its customers, which constitute a material part of the invention and is not a staple article or commodity of commerce suitable for substantial non-infringing use." (*Id.* at ¶¶ 7, 13) Having identified the products at issue for purposes of its direct infringement claims, the court concludes that Aeritas has satisfied the pleading requirements of *Twombly* and *Iqbal* with respect to the allegations of indirect infringement found in the amended complaint.

### B. Willful Infringement

5

### 1. Standards

To establish willful infringement,

> a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (citation omitted). An

objectively high likelihood that the infringer's actions constitute infringement of a valid

patent equates with a showing of objective recklessness. Id.; see also Minks v. Polaris

Indus., 546 F.3d 1364, 1380 (Fed. Cir. 2008). In making these determinations, the

court must examine the totality of the circumstances. Broadcom Corp. v. Qualcomm

Inc., 543 F.3d 683, 700 (Fed. Cir. 2008).

The Federal Circuit has further explained that,

> in **ordinary circumstances**, willfulness will depend on an infringer's prelitigation conduct. It is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced. However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. Fed. R. Civ. Pro. 8, 11(b). So a willfulness claim **asserted in the original complaint** must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

Seagate, 497 F.3d at 1374 (emphasis added).

## 2. Discussion

In its original complaint, Aeritas asserted that, "[t]o the extent that facts learned in discovery show that Defendant's infringement of the '589 [and '903] patent[s are or have] been willful, Aeritas reserves the right to request such a finding at the time of trial." (D.I. 1 at ¶¶ 8, 13)  In its amended complaint, Aeritas asserts that "Defendant's acts of infringement have been willful under 35 U.S.C. § 284 **since at least the date it was served with the Complaint in this action.**" (D.I. 10 at ¶¶ 9, 15)  The court's reading of these pleadings indicate that Aeritas does not have a good faith basis to assert that AAG knew about either of the patents-in-suit prior to commencement of the instant litigation.

Although the court in the past has allowed general allegations of willful infringement to withstand motions to dismiss[1] and the court reads *Seagate* as not foreclosing the consideration of conduct after the complaint is filed,[2] the court is not inclined to allow the mere notice of the charge of infringement gleaned from service of the complaint to pass muster for a willfulness claim under Rule 8.  As explained in *Seagate*, to prove willful infringement, a patentee must not only demonstrate that the accused infringer knew about the patent (as for indirect infringement), but "acted

[1] *See, e.g., S.O.I. Tec Silicon on Insulator Techs., S.A. v. MEMC Electronic Materials, Inc.*, Civ. No. 08-292, 2009 WL 423989, at *2 (D. Del. Feb. 20, 2009).  The court notes in this regard, however, that plaintiffs in *S.O.I. Tec* had identified in their papers various ways in which defendant knew or should have known about its likely infringement.  *See id.* at *2 n.3.

[2] *See, e.g., Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 575 (D. Del. 2012); *Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*, 725 F. Supp. 2d 474, 476 (D. Del. 2010).

7

despite an objectively high likelihood that its actions constituted infringement" of the probably valid patent. 497 F.3d at 1371.

The court concludes that Aeritas' assertions of willful infringement do not pass muster under Rule 8, given: (a) the apparent recognition by Aeritas that it had no good faith basis to assert willful infringement for AAG's prelitigation conduct; (b) the Federal Circuit's recognition that willfulness ordinarily depends on an infringer's prelitigation conduct; and (c) the fact that the burden to prove willful infringement includes more than mere knowledge of the patent. AAG's motion to dismiss is granted in this regard.[3]

## C. Joint Infringement

### 1. Standards

In circumstances where one party performs some of the steps of a patent claim, and another entity performs other of the claimed steps, a theory of joint infringement may establish liability. *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008); *Leader Techs., Inc. v. Facebook, Inc.*, 770 F. Supp. 2d 686, 695-96 (D. Del. 2011). Joint infringement will only lie, however, "if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e., the 'mastermind.'" *Muniauction*, 532 F.3d at 1329 (citing *BMC Res. Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007)). This "control or direction" standard is "satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method." *Id.* at 1330 (citation omitted).

---

[3]Of course, should discovery reveal evidence of willful infringement, Aeritas may approach the court for permission to amend its pleadings at that juncture.

## 2. Discussion

As an initial matter, AAG asserts that Aeritas has failed to state a claim to the extent Aeritas alleges joint infringement by AAG's alleged provision of a "system," because joint infringement liability applies only to method claims. (D.I. 14 at 9-10) While Aeritas does not respond to this argument in its responsive papers (D.I. 15 at 7-8), the case law cited by AAG states only that "Federal Circuit case law suggests that the expansion of liability arising from joint infringement **more often** applies to method claims, rather than system claims." *Leater Techs.*, 770 F. Supp. 2d at 696-97 (emphasis added).

However, the court concludes that Aeritas has failed to pelad sufficient facts to support allegations of joint infringement. The use of the phrase, "[t]o the extent that Defendant is jointly infringing . . . it is the mastermind of the infringement" simply sets forth a proposition, not facts. (D.I. 10 at ¶¶ 8, 14) Consistent with the pleading standards for indirect infringement, a plaintiff alleging joint infringement must satisfy the pleading requirements of *Twombly* and *Iqbal. See EON Corp. IP Holding LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 534-35 (D. Del. 2011). The court declines to characterize the speculative language used in the amended complaint as "enough factual matter" that, when taken as true, "state[s] a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570.

## V. CONCLUSION

For the aforementioned reasons, AAG's motion to dismiss (D.I. 13) is granted in part and denied in part. An appropriate order shall issue.

9